UNITED SATATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

FILED

IN RE:

2015 DEC -1  P 1: 04

Michael L. Calloway, Sr.   )
                           )   GRANT PRICE, CLERK
                           )   U.S. BANKRUPTCY COURT
                           )   WESTERN DISTRICT OF OK
                           )   Case No. 15-13970-JDL
                           )   Chapter 13   DEPUTY
                           )
        Debtor.            )
                           )

## MOTION OBJECTING TO MOTION TO DISMISS
### and
### REQUEST FOR HEARING

  **COMES NOW,** the debtor Michael Calloway pursuant to Rule 3007 hereby objects to the Motion to Dismiss relief filed on 11/17/15 for the above referenced case. The motion filed was For good cause debtor moves this court pursuant to Rule 9013-1 E and request for a hearing,

### PRO-SE LITIGANTS

  Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

  Michael L Calloway (hereinafter "debtor."), hereby move this court to recognize his Pro Se / Layman rights as this court has authority to grant this status pursuant to Haines v. Keaner, et al. 404 U. S. 519, 92s. Ct. 594, 301 L. Ed. 2d 652, See Conley v. Gibson, 355 U.S. 41, 45 46 (1957).

  In this case at bar debtor assert his rights and pleadings as pro se litigants to be considered without regard to technicality. Pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Pro se litigants are to be given reasonable opportunity to remedy the defects in their

...

pleadings. See Picking v. Pennsylvania R. Co. 151 Fed, 2nd 240; Pucket v. Cox, 456 2nd 233; the Court held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA).Platsky v. C.I.A., 953 F. 2d 25; Reynoldson v. Shillinger, 907 F. 2d 124, 126 (10th Cir. 1990) and Jaxon v. Circle K Corp., 773 F. 2d 1138, 1140 (10th Cir. 1985). When a pro se claimant is involved, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers." as stated above Platsky v. C.I.A., 953 F. 2d 25 also held, "<u>Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings</u>

**WHEREFORE,** premises considered debtor moves this court not dismiss said case and schedule a hearing on said Motion.

Respectfully,

Michael L Calloway, Sr.
P.O. Box 2031
Edmond, OK 73083
405-241-6147

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above foregoing instrument was mailed, postage pre paid to the following:

John Hardeman, Trustee
321 Dean A. McGee Avenue
P.O. Box 1948
Oklahoma City, OK 73101