UNITED SATATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:  Michael L. Calloway, Sr.       )
                                        )
                                        )  Case No. 15-13970- JDL
                                        )  Chapter 13
                                        )
         Debtor.                        )
                                        )

FILED
2015 DEC 10 P 2: 16
GRANT PRICE, CLERK
U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OK
DEPUTY_____

### OBJECTION TO ORDER AND APPLICATION FOR ANNULMENT, STAY AND ABANDONMENT AND MOTION TO VOLUNTARY DISMISS

**COMES NOW,** the debtor Michael Calloway pursuant to FRCP 1007(C) § 11 U.S C. § 362 hereby object to the 12/08/2015 ORDER for the following:

1. Nationstar Mortgage hasn't had any interest in this case or the civil case since Oct 4, 2013, *See* attached *(Ex. "A")* par 4 " having orally assigned the judgment and bid herein together with all rights, title and interest **IN and TO**....................".

2. The Law firm filed a frivolous and fraudulent motion with the attempt to circumvent and undermine the judicial function of the courts by disguising their association with a corporation while representing a local individual in disguise simply because they have been exposed of fraud and criminal mischief of which constitutes fraud on the court

3. **RULE 9006-1(A) 4 - states,** a statement that the consent of the other parties in interest has been requested, whether such parties consent or object, and the identity of the parties consenting or objecting or, if consent was not requested, the reason therefore.

4. **Rule 9006 (d)** - Motion Papers. A written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than seven days before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported **by affidavit, the affidavit shall be served with the motion**. Except as otherwise provided in Rule 9023, any written response shall be served not later than one day before the hearing, unless the court permits otherwise.

1

This courts failure to notice or grant Debtors 11/07/2015 request for hearing was overlooked and a discretionary issue, but around the same time this court erred in its discretion when it approved an illegitimate fraudulent filing from officers of the courts who clearly are violating FRCP 11 (b). This courts failure to fully investigate the facts surrounding this case was an abuse of discretion when it granted Bear & Timberlake PC Law Firm's order that was accompanied with 1) absolutely no proof of authority or consent, 2) no affidavits, or supporting memorandum of law, and 3) no reference to the prejudice and burdens placed on debtors.

The filings by Bear & Timberlake is nothing more than a continuation of the fraud they committed in the state court to transfer to federal court by deceiving the courts and harassing said debtors when they know that Nationstar Mortgage is not listed anywhere in this case or any other case holding any interest as a creditor, lender, servicer or any form thereof against debtor. . Bear & Timberlakes personal vendetta and relentless harassment against debtors constitutes a pattern further fraud, abuse of which is shown by their eager and aggressive actions for this court to assist them in correcting their wrongs. By advocating for corruption and depriving debtors of their property would be a violation of debtors Due Process Rights.

**Therefore,** for good cause due to the emotional stress, physical and financial burdens that have been placed on debtor(s), Michael Calloway hereby move this court to voluntarily dismiss without prejudice the above referenced case No. 15-13970. Debtor move to dismiss any/all scheduled hearings as debtor's health is deteriorating. Pursuant to section 706, 1112, or 1208 if this case has not been converted, the court shall dismiss a case. 11 U.S.C § 1307 (b) debtor has voluntarily requested a dismissal <u>without prejudice</u>

## **PRO-SE LITIGANTS**

Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Michael L Calloway (hereinafter "debtor."), hereby move this court to recognize his Pro Se / Layman rights as this court has authority to grant this status pursuant to Haines v. Keaner, et al. 404 U. S. 519,92s. Ct. 594,301 L. Ed. 2d 652, See Conley v. Gibson, 355 U.S. 41,45 46

(1957). In this case at bar debtor assert his rights and pleadings as pro se litigants to be considered without regard to technicality. Pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. See Picking v. Pennsylvania R. Co. 151 Fed, 2nd 240; Pucket v. Cox, 456 2nd 233; the Court held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA).Platsky v. C.I.A., 953 F. 2d 25; Reynoldson v. Shillinger, 907 F. 2d 124, 126 (10th Cir. 1990) and Jaxon v. Circle K Corp., 773 F. 2d 1138, 1140 (10th Cir. 1985). When a pro se claimant is involved, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers." as stated above Platsky v. C.I.A., 953 F. 2d 25 also held, "<u>Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings</u>

    **WHEREFORE,** premises considered debtor moves this court to immediately grant debtors request for dismissal <u>without prejudice</u> according to the rules of law and rights governed by the Oklahoma and U.S. constitution.

Respectfully,

*[signature]*

Michael L Calloway, Sr.<br>
P.O. Box 2031<br>
Edmond, OK 73083<br>
405-241-6147

## CERTIFICATE OF MAILING

  I hereby certify that a true and correct copy of the above foregoing instrument was mailed, postage pre paid to the following:

John Hardeman, Trustee
321 Dean A. McGee Avenue
P.O. Box 1948
Oklahoma City, OK 73101.

Nationstar Mortgage
305 Highland Drive
Lewisville, Tx 75067

              Michael L Calloway, Sr.
              P.O. Box 2031
              Edmond, OK 73083
              405-241-6147

4



Copy

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY 4 2013
STATE OF OKLAHOMA

TIM RHODES
COURT CLERK
33

NATIONSTAR MORTGAGE, LLC,
Plaintiff,

vs.

MICHAEL L. CALLOWAY, et al.,
Defendant(s).

No. CJ-2010-7077
JUDGE STUART

## ASSIGNMENT OF JUDGMENT AND BID, MOTION TO CONFIRM SALE AND NOTICE OF HEARING

COMES NOW the Plaintiff and moves the Court to confirm the Sheriff's Sale of real estate made pursuant to the judgment entered and Special Execution And Order Of Sale issued in this cause.

Said property was sold by the Sheriff, with appraisement, after due and proper notice of sale, to Plaintiff herein, who was the highest and best bidder, for the sum of $ ~~75,334~~ it being $85,000 more than two-thirds of the total appraised value of said property, all as more fully appears from the Return Of Sale filed herein by the said Sheriff.

Plaintiff shows to the Court that the proceedings of said Sheriff and said sale are in all respects regular and in conformity with the law and the order of this Court.

The Plaintiff, having acknowledged receipt of a good and valuable consideration paid to said Plaintiff by **Federal Home Loan Mortgage Corporation**, and said Plaintiff, having thereupon orally assigned the judgment and bid herein, together with all of its right, title and interest in and to said real estate and premises, to said **Federal Home Loan Mortgage Corporation**, requests that the Sheriff be ordered and directed to execute a Deed to the property to **Federal Home Loan Mortgage Corporation**, assignee of said judgment and bid as aforesaid, and that the Court make and enter findings of fact and conclusions of law as may be required to support the confirmation of the sale.

File No. 67851