## UNITED SATATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

FILED

2016 FEB -1  P 1: 10

GRANT PRICE. CLERK
U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OK

IN RE:  Michael L. Calloway, Sr.                      )
                                                      )
                                                      )  Case No. 15-13970 JDL
                                                      )       Chapter 13
                                                      )            and
                Debtor/Plaintiff.                     )  Case No. CJ-2010-7077
                                                      )       Judge Roger Stuart
                                                      )            and
vs.                                                   )  Judge Aletia Timmons
                                                      )
NationStar Mortgage LLC's President                   )
and CEO, Don J. Timberlake, Blake C Parrott,          )
 Jim Timberlake, Gary D. Bear, William                )
Sullivan, the Law Firm of Bear & Timberlake,          )
P.C. of OKC, Ok , Sherry Lee Madison of               )
Edmond, Ok,  the owner(s), president and CEO          )
of Fidelity First LLC of Oklahoma City, and           )
the owner(s), president and CEO of NBC                )
Oklahoma of OKC, Ok et, al;                           )
                                                      )
                Defendant(s)                          )

## EMERGENCY APLICATION AND ORDER FOR CONTEMPT CITATION AND _MOTION_
## SANCTIONS FOR VIOLATION OF AUTOMATIC STAY ATTORNEY MISCONDUCT

*It is repugnant to justice to allow a fraudster to walk into state or federal court with admittedly*
*unclean hands and then brashly pronounce the court's impotence to remedy the situation.*

**COMES NOW**, Michael Calloway Sr., Pro Se (debtor/plaintiff) hereby moves this court

for SANCTIONS and for an award of damages and CITATION for CONTEMPT against

NationStar Mortgage LLC (hereinafter "Defendant") , its counsel Don J. Timberlake - OBA #

9021, Blake C. Parrott - #18799, Jim Timberlake- # 14945, Gary D. Bear - #0407, William

1

Sullivan - # 8761, and the Law Firm of Bear & Timberlake, P.C. of Oklahoma City, Ok , Sherry

Lee Madison of Edmond, Ok, Fidelity First LLC of Oklahoma City, and NBC Oklahoma of

Oklahoma City for violation of automatic stay and attorney misconduct. The grounds for this

application appear more fully herewith:

    1) Debtor filed a Petition for Relief under Chapter 13 Bankruptcy on October 16, 2015

    2) The aforementioned case is currently dismissed

    3) The gravamen of this application/motion is that despite Debtor's filing for

bankruptcy, Defendant and its counsel have willful and maliciously initiated judicial

proceedings and harassing debtor and his family for over five-and- half absent of standing and

authority to do so, whereas, *Criminal Intent is defined as a desire to commit a specific act in the*

*expectation that it will result in a specific outcome.*

## PRO-SE LITIGANTS

Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded,"

*must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only*

be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Michael L Calloway  (hereinafter "debtor."), hereby move this court to recognize his Pro

Se / Layman rights as this court has authority to grant this status pursuant to Haines v. Keaner, et

al. 404 U. S. 519,92s. Ct. 594,301 L. Ed. 2d 652, See Conley v. Gibson, 355 U.S. 41,45 46

(1957). In this case at bar debtor assert his rights and pleadings as pro se litigants to be

considered without regard to technicality. Pro se litigants' pleadings are not to be held to the

same high standards of perfection as lawyers. Pro se litigants are to be given reasonable

2

opportunity to remedy the defects in their pleadings. See Picking v. Pennsylvania R. Co. 151

Fed, 2nd 240; Pucket v. Cox, 456 2nd 233; the Court held that a pro-se pleading requires less

stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA).Platsky

v. C.I.A., 953 F. 2d 25; Reynoldson v. Shillinger, 907 F. 2d 124, 126 (10th Cir. 1990) and Jaxon

v. Circle K Corp., 773 F. 2d 1138, 1140 (10th Cir. 1985). When a pro se claimant is involved,

"the Court must take particular care to construe the plaintiff's filings liberally, for such [filings]

are held 'to less stringent standards than formal pleadings drafted by lawyers." as stated above

Platsky v. C.I.A., 953 F. 2d 25 also held, "Court errs if court dismisses pro se litigant without

instructions of how pleadings are deficient and how to repair pleadings

## **ARGUMENT AND AUTHORITIES**

Rule 1.02 provides: "A judge shall avoid impropriety and the *appearance* of impropriety.

### **Rule 8.4 Misconduct**
### *Maintaining The Integrity Of The Profession*

#### *It is professional misconduct for a lawyer to*:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce
another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or
fitness as a lawyer in other respects:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve
results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of
judicial conduct or other law.

3

## JUDICIAL PROCEEDINGS UNDERTAKEN IN VIOLATION OF AN AUTOMATIC STAY IN BANKRUPTCY ARE OF NO EFFECT.

Issuance of an automatic stay in bankruptcy is authorized by 11 U.S.C. § 362 (1978). Filing a petition in bankruptcy operates as a stay applicable to all entities of the commencement or continuation of judicial proceedings against the debtor. The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. Although the issue of what efficacy Oklahoma courts have given the operation of an automatic stay as one of first impression, they have previously determined that: *1) judicial proceedings instituted against a debtor in bankruptcy to foreclose a lien are "entirely ineffective; 2) failure to give notice to a trustee in bankruptcy of foreclosure proceedings against a debtor renders the judgment "void" as against the trustee and those claiming under him/her; and 3) a valid judgment cannot be rendered against a party while it stands protected by an automatic bankruptcy stay. Oklahoma precedents align us with the weight of authority recognizing that judicial proceedings undertaken in violation of an automatic stay are ineffective.*

The stay has two primary purposes - to give the debtor a breathing spell from creditors, allowing a fresh economic start and to provide some measure of creditor protection. Recognition that judicial proceedings prosecuted in violation of an automatic stay are a **nullity** to ensure that these goals are met. Section 362's stay provision is equally applicable to proceedings commenced or continued in the trial court and to appeals. Post-petition proceedings are a nullity when, as here, the underlying proceeding at its inception was one against the debtor. They are not cured by a subsequent termination of the stay. Once the stay issued, the trial court was without authority to proceed. **All judicial proceedings undertaken after Mr. Calloway filed for bankruptcy and the automatic stay was issued are ineffectual**.

4

Here, Defendants enforcement of its judgment was certainly "frustrated" by Debtor's bankruptcy as Jim Timberlake tried unsuccessfully to obtain the bankruptcy court's blessings for annulment against the properties. *(See Exhibit "A")* In *U.S. Mortgage,* 2003 OK 67 ¶ 18, 73 P.3d at 896-97. Moreover, courts have previously held that, where judicial proceedings were initially prosecuted against the bankruptcy debtor, any subsequent collection or enforcement proceedings during the period of the automatic stay are ineffective. Here, defendant's efforts were stymied at every turn by Debtor's assertion of the bankruptcy stay.

A judgment became unenforceable unless the judgment creditor: (1) filed with the county clerk a certified copy of execution on the judgment issued by the court clerk; (2) filed a notice of *renewal of judgment* with the court clerk;

The Oklahoma Supreme Court have previously held that all judicial proceedings during the automatic stay are ineffective if the bankruptcy debtor was the original defendant. *Bailey v. Campbell,* 1991 OK 67, 862 P. 2d 461. In addition, the Court of Civil Appeals has held that the post-bankruptcy-petition enforcement of a garnishment summons served pre-petition is barred by the automatic stay. *DPW Emps. Credit Union v. Tinker Fed. Credit Union,* 1996 OK CIV APP 106, 925 P. 2d 93. All of Creditor's and defendants options, therefore, except for filing a notice of renewal, were barred by the automatic stay.

## ISSUES AND SANCTION

In determining an appropriate remedy for an automatic stay violation, the following issues are generally considered:

1. Whether the creditor's action willful, meaning the creditor knew that the stay was in effect but disregarded it when taking its action against the debtor? Willful in this context is knowledge, not ill intent.

5

2. Whether the debtor an individual or corporation?

3. How will the court treat the violation? Creditor or its attorney's actions taken in violation of the automatic stay are generally void. For example, a repossession or foreclosure sale effected after the stay is in place would be invalid. Bankruptcy courts may also address stay violations by reversing the actions taken by the creditor/defendants **(e.g., ordering the return of repossessed collateral), or issuing an injunction ordering the creditor not to act against the property.**

4. Does the stay violation have the same effect as contempt of a court-ordered injunction? Once a creditor/defendant has actual notice of the stay, **any** violation is punishable as a contempt of court.

5. Creditors and any violators who fail to obtain stay relief could be sanctioned by the bankruptcy court under section 362(k) of the Bankruptcy Code. *(See Exhibit "B" annulment denial.*

There are several bases for sanctions for violation of the automatic stay. First, §362(k) states that an individual who is injured by any willful violation of a stay **"shall"** recover actual damages, including costs and attorneys' fees. Furthermore, this provision states that in appropriate circumstances, such individuals may recover punitive damages. Because §362(k) refers to an "individual," most courts have held that this section does not authorize recoveries by a debtor, such as a partnership or corporation, who is not an "individual." Second, however, a number of courts have relied either on the court's inherent contempt powers or on §105's broad declaration of authority to impose sanctions on those who violate the automatic stay. Sanctions pursuant to §105 have been levied on violators even when the debtor is not an individual. State court judges, however, may be entitled to judicial immunity from personal liability for violations of the stay.

6

## **FACTS**

1) On July 18, 2008 debtor took out a mortgage loan with Capital One Home Loans, LLC

2) On September 10, 2015 Bear &Timberlake PC knowingly refused to comply with the District Courts order to formally submit and memorialize their order where Judge Roger Stuart findings identified BAC Home Loans as the alleged plaintiff and party with standing and not NationStar Mortgage.

3) Bear , Timberlake, Coulson and Cates PC allegedly represented Nationstar Mortgage prior to some partners departure and the corporate restructuring disclosure. Whereas, the Oklahoma Secretary of State filings provide irrefutable evidence that Bear & Timberlake, P.C. did not exist until Jan 2015, Therefore, the Oklahoma County District court and the U.S. Bankruptcy court have absolutely NO knowledge or evidence to determine which entity retained the right(s) to represent Nationstar Mortgage LLC.

4) Nationstar Mortgage notified debtor of their receipt acknowledging the Chapter 13 petition.

5) Refusing to provide proof of representation and eager to profit from ill-gotten gain, the lawyers of Bear & Timberlake P.C.'s law firm colluded with Judge Roger Stuart of the Oklahoma County District Court to grant an order nunc pro tunc to allow Bear & Timberlake P.C.'s law firm and Sherri Madison of Fidelity First LLC to steal debtor's property all the while knowing the district court's docket shows no record of any September 10, 2015 scheduled sheriff sale hearing.

7

6) On Oct 16, 2015 the face of the record index in the Oklahoma District Court show the proceeds from the theft and slander of debtor's property and title of $90, 000.00 was disbursed to Bear, Timberlake, Coulson & Cates, P C. a dissolved entity that has ceased to exist. (See Ex. "C")

7) In an attempt to correct their blunder and avoid possible criminal charges collectively with their partner in crime Sherri Madison and Fidelity First LLC; Jim Timberlake and the Law Firm of Bear & Timberlake P.C. while advocating for Sherri Madison filed the U.S. Bankruptcy Court for the Western District of Oklahoma under false pretenses of representing Nationstar Mortgage LLC an order shortening time to respond to motion for annulment of automatic stay and abandonment of property on Dec 8, 2015.

6) On December 16, 2015 a hearing was held and the U.S. Bankruptcy Court Judge Janice D. Loyd **_DENIED_** Jim Timberlake and Bear & Timberlake P.C.'s motion for annulment.

8) Record show bias and prejudicial misconduct by the U.S. Bankruptcy Court Judge Janice D. Loyd as she encouraged Jim Timberlake to further harass, intimidate, and burden Mr. Calloway. While under the guidance of Jim Timberlake the attorney(s) from law Firm of Bear & Timberlake P.C. on that same day *(See Exhibit "D")* immediately rushed to state court while the automatic stay was still enforced and maliciously filed documents in the state court against the Mr. Calloway (debtor) when they knew 1) the annulment was DENIED, 2) the case was DISMISSED, and 3) they were without AUTHORITY, a CLIENT, CAPACITY,, and STANDING. *(See Criminal Intent)*

8

## COUNT ONE:

## THE AUTOMATIC STAY APPLIES TO THE MOVANT AND THE LAWYERS

9) Section 362 stays action to collect a debt. Specifically, § 362 (a) (6) protects
Defendants/debtors from creditors that are acting in any capacity to collect, assess, or
recover a claim against him that arose before the commencement of the bankruptcy
proceedings.

10) Defendant is enjoined by the automatic stay from creditor's attempts to collect a debt,
including having their property stolen and their title slandered by lawyers and judges
who have no authority to do so.

11) The filing of a petition bankruptcy effectuates automatic of all proceedings against
debtor effective the date the petition is filed and actions taken in violation of stay are
void, even if there is no actual notice of the stay.

12) The stay applies to efforts by any entity to reach property of the estate. Specifically,
§362 prevents all entities from any act to obtain possession of, or exercise control
over, property of the estate or to obtain property from the estate;

13) the stay prevents the enforcement against the Debtor or against the property of the
estate (even if title is in the name of another party) of a judgment obtained before the
case was commenced. 11 U.S.C. section 362(a)(2). This prohibition includes efforts
to renew a judgment so that the judgment lien does not expire post-petition.

14) An automatic stay under §362 applies to "all entities," a term broadly defined by the
Code to include, among other things, persons and "governmental units." The term
"person" includes individuals, partnerships and corporations. "Governmental units"
is also expansively defined and includes, among other things, state and federal
agencies, departments and instrumentalities.

9

15) An action that violates §362 is either void or voidable.


## COUNT II:

## THE COLLECTION OF A DEBT BY MOVANT VIOLATES AUTOMATIC STAY

16) Once a lender, servicer, creditor, or counsel receives notice of a Chapter 13
    bankruptcy filing, that individual or entity has an affirmative duty and obligation to
    adhere to the rules governing the automatic stay.

17) There can be NO doubt that the Jim Timberlake and all of the above mentioned
    had knowledge of the pending bankruptcy case.

18) Nationstar Mortgage LLC is not listed as a creditor in debtor's petition

19) Jim Timberlake and the lawyers of Bear & Timberlake P.C.as counsel representing
    Nationstar Mortgage LLC violated the automatic stay when, with knowledge of the
    debtor's Chapter 13 bankruptcy filing attempted to sell debtor's property and have
    yet to cease in their endeavor.

20) Debtor has made several good-faith attempts to have his property and title returned
    to him.

21) The defendant's actions of further harassing debtor and refusing to acknowledge the
    automatic stay and return the property, title, and superior right(s) to debtor are in
    direct violation of the automatic stay.


## COUNT III:

## VIOLATION OF THE STAY WAS WILLFULL

10

22) The U.S. Bankruptcy Court Judge Janice D. Loyd, Jim Timberlake and the attorneys from the Law Firm of Bear & Timberlake P.C., acted with blatant disregard for professional ethics, court rules and procedures.

23) Only the original lender Capital One Home Loans was listed as a creditor on debtors bankruptcy petition filing but Nationstar Mortgage LLC, and all of the above mentioned had been notified and advised of debtor's pending bankruptcy.

24) Based on Defendants retaliating history and personal vendetta of deliberately stalking, harassing, , intimidating, coercing, and threatening acts against Mr. Calloway (debtor) violates what is supposed to be a *DUE PROCESSS* and *EQUAL PROTECTION RIGHT* provided by the 14th Amendment of the U.S. Constitution and Article 2 § 6 of the Oklahoma Constitution by willfully violating the automatic stay that was in place for the plaintiff and his spouse who as a (co-debtor) was never a party to the filing but who is rightfully protected by the stay and defendants lack of standing.

25) A willful violation of the automatic stay occurs when the creditor, lender, or servicer or any other thereof knew that the stay had been invoked and deliberately intended the action that violated the stay.

## COUNT IV:

## PLAINTIFF WAS INJURED BYTHE COURTS IMPROPRIETY AND ENCOURAGEMENT AND DEFENDANTS AND ATTORNEY'S MISCONDUCT

26) Defendant deliberately charged plaintiffs account and fraudulently reported to the credit bureaus with the willful intent to injure plaintiff and his spouse.

11

27) Plaintiff filed for bankruptcy and believed he was relieved and protected from the pressure and harassment from defendants, its counsel, the courts, and co-conspirators/violators seeking to collect and profit from their claim and ill-gotten gain.

28) However, Defendants have failed to abide by the automatic stay and has collected a debt and have left plaintiff suffering from severe emotion distress and loss of income.

29) Plaintiff has been injured by Defendant, this court, the law firm of Bear & Timberlake P C and Sherrie Madison's actions to collect a debt as well as their actions to retain possession of the disbursed funds that was used to slander plaintiff's title and steal his property.

## DAMAGES

Section 362(k)(1) of the Bankruptcy Code provides that any individual injured by any willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

**The debtor's damages include**:

a) Plaintiff's out-of-pocket expenses to cover all past and present filing fees.

b) The sum of $92,492. 53 plus interest of 15% annum accruing monthly

c) Plaintiff and co-debtors loss of income, taxes and insurance payments

d) Plaintiff's reasonable legal fees

12

e) Additionally, the debtor and his spouse have lost precious time from their personal and professional lives while attempting to recuperate the funds taken away from them by defendant, the courts, its counsel, and the co-conspirators.

f) Lastly, the debtor(s) have suffered continued interruption, intimidation, threats, harassment, annoyance that has created irreparable physical, financial, and emotional anxiety and stress as he proceeds to fight for his life, liberty, property, equal protection, and due process right(s).

## CONCLUSION

Since actions taken in violation of the automatic stay are void, the court is urged to find NationStar Mortgage LLC, Sherri Lee Madison, Fidelity First LLC, Bear & Timberlake PC's attorneys in their individual and official capacities in violation of the automatic stay and damages should be awarded to the Plaintiff. Plaintiff also pray that this Court issue a Bench Warrant for the Defendants counsel Don J.Timberlake-OBA # 9021, Blake C. Parrott - #18799, Jim Timberlake- # 14945, Gary D. Bear - #0407, William Sullivan - # 8761, and the Law Firm of Bear & Timberlake, P.C. of Oklahoma City, Ok , Sherry Lee Madison of Edmond, Ok, the owners and operators of Fidelity First LLC of Oklahoma City, and the owners and operators of NBC Oklahoma of Oklahoma City for violation of automatic stay and attorney misconduct and for the Sheriff to promptly bring the Defendants and all co-conspirators listed above before the Court for an initial appearance or arraignment hearing all as provide by law for Indirect Contempt proceedings, attorney misconduct, harassment, violation of the automatic stay and for such other further relief as to which Plaintiff may be and is entitled.

**WHEREFORE**, premises considered plaintiff pray that CONTEMPT VIOLATIONS AND SANCTIONS be immediately ordered and applied against NationStar Mortgage LLC's President and CEO, 2) Don J. Timberlake, 3) Blake C Parrott, 4) Jim Timberlake, 5) Gary D. Bear, 6)

13

William Sullivan, 7) the Law Firm of Bear & Timberlake, P.C. of OKC, Ok , 8) Sherry Lee
Madison of Edmond, Ok, 9) the owner(s), president and CEO of Fidelity First LLC of
Oklahoma City, and 10) the owner(s), president and CEO of NBC Oklahoma of OKC, Ok as
violations by fact according to Jim Timberlake's own filings on record is evidenced by his
judicial admission in open court on December 16, 2015 when during the hearing Judge Janice
Loyd questioned " Do you have something to show me today, an endorsement of the note?" **Mr.
Timberlake**: *Your Honor, what I would do is rely on the state court judgment.*" Next, the U.S.
Bankruptcy Court **Judge Janice Loyd** stated *"I don't see any endorsements or any documents
that show NationStar Mortgage has standing at this point. There is no endorsement on the copy
of this note. I have a mortgage that shows the same lender, and again there is no assignment of
this mortgage or endorsement as well.*" The record clearly solidified that Defendants were
without standing and that NO evidence of any assignment or endorsement from NationStar
Mortgage LLC was attached or filed. Therefore, as a matter of public interest and to avoid
further waste of judicial resources and time this court has the inherit power to not only grant
plaintiff's request Sua Sponte because to have a hearing on this matter would be moot since this
court has already reviewed and ruled against any evidence that defendants can possibly provide.

Although, it is important for the court itself to understand that this issue is not merely a
"technicality" and the judge should not be satisfied with anything less than foolproof of the issue
at hand. ***Therefore, if for any reason the Court is not inclined to grant plaintiffs
application/motion for contempt and for sanctions against defendant and the violators herein
listed above, then plaintiff move for an appeal and a temporary stay of all court orders,
judgments, writs and filings pending resolution by the Court of Appeals.***

14

Respectfully,

Michael L Calloway, Sr.
P.O. Box 2031
Edmond, OK 73083
405-241-6147

## **CERTIFICATE OF MAILING**

I hereby certify that a true and correct copy of the above foregoing instrument was mailed, postage pre paid to the following:

Nationstar Mortgage
305 Highland Drive
Lewisville, Tx 75067

15

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**IN RE:**

**MICHAEL L. CALLOWAY, SR.,**

      **Case No.: BK-15-13970-JDL**
      **Chapter 13**

DEBTORS.

## MOTION FOR ANNULLMENT OF THE AUTOMATIC STAY AND ABANDONMENT OF REAL PROPERTY AND NOTICE OF OPPURTUNITY FOR HEARING

NATIONSTAR MORTGAGE LLC (hereinafter "Movant"), pursuant to the provisions of 11 U.S.C, § 362 and § 554 hereby requests that the Court enter an order annulling the automatic stay and directing abandonment of the real property hereinafter described. In support of its Motion, Movant alleges and states as follows:

1.     The Debtor filed the above-captioned bankruptcy proceeding on October 16, 2015.

2.     Michael L. Calloway, Sr. and Lillie E. Calloway, a non-party co-debtor, for good and valuable consideration, made, executed and delivered to Capital One Home Loans, LLC, a certain promissory note dated July 18, 2008 in the original principal amount of $96,800.00 (the "Note"). Movant is the holder of the note. A copy of the Note is attached as Exhibit "A."

3.     As a part of the same transaction, and to secure the payment of the Note, the Debtors, being the owners of the real estate hereinafter described, also made, executed and delivered to Capital One Home Loans, LLC, a real estate mortgage dated July 18, 2008, recorded with the Oklahoma County Clerk on August 11 2008, at Book 10881, Page 640 (the "Mortgage"). The Mortgage encumbers the following described real estate situated in Tulsa County, State of Oklahoma, to-wit:

> Lot Nine (9), Block Nine (9), OAK BROOK 2ND ADDITION TO THE CITY OF EDMOND, Oklahoma County, Oklahoma, according to the recorded plat thereof; a/k/a 313 Rockypoint Drive, Edmond, OK  73003

The Mortgage also encumbers the buildings and improvements and the appurtenances, heredita-
ments and all other rights thereunto appertaining or belonging, and all fixtures then or thereafter
attached or used in connection with the Property.   A copy of the Mortgage is attached as Exhibit
"B" and made a part hereof.

4.      On August 30, 2010, Movant filed a foreclosure action in Oklahoma County District
Court (CJ-2010-7077).  After lengthy and costly litigation, the subject property was sold at Sheriff's
Sale on September 10, 2015, to Sherry Madison.  Confirmation of said Sheriff's Sale was set for
October 16, 2015.

5.      The Oklahoma County District Court confirmed the Sheriff's Sale on October 16,
2015, and ordered a Sheriff's Deed be issued to the successful bidder, Sherry Madison.

6.      Unbeknownst to Movant, the Debtor filed this action mere minutes prior to the
scheduled confirmation hearing.

7.      The Debtor has failed to file either a proposed Chapter 13 Plan or required
schedules, prompting the Chapter 13 Trustee to file his Motion to Dismiss.

8.      It is the belief of Movant that this filing was commenced solely to hinder, harass and
delay the legitimate prosecution of Movant's foreclosure action.

9.      Movant will suffer substantial injury, loss and damage unless the automatic stay is
annulled so as to validate the State Court Foreclosure.

10.     Movant requests that this Court annul the automatic stay as to the actions it took in
the State Court Foreclosure after this bankruptcy was filed.

11.     Notice of the Motion has been afforded to the Trustee, the Debtors, and all parties
claiming an interest in the subject property.

## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected.  You should read this document carefully and consult your
attorney about your rights and the effect of this document.  If you do not want the Court to grant

the requested relief, or you wish to have your views considered, you must file a written response

or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the

Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later

than 14 days from the date of filing of this request for relief. You should also mail a file-

stamped copy of your response or objection to the undersigned Movant attorney (and others who

are required to be served) and file a certificate of service with the Court. If no response or

objection is timely filed, the Court may grant the requested relief without a hearing or further

notice. The 14 day period includes the 3 days allowed for mailing provided for the Rule 9006(f)

Fed.R.Bankr. Proc.

WHEREFORE, Movant moves the Court for an Order annulling the automatic stay herein

as provided by 11 U.S.C. §362 and directing the Trustee herein to abandon the mortgaged property

as authorized by 11 U.S.C. §554, and for such other relief as is just and equitable.


NATIONSTAR MORTGAGE LLC,


By:      s/ Jim Timberlake
         JIM TIMBERLAKE - #14945
         Baer Timberlake, P.C.
         4200 Perimeter Center, Suite 100
         Oklahoma City, OK 73102
         Telephone: (405) 842-7722
         Fax: (918) 491-5424
         Attorney for Movant

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the above and foregoing Motion with postage thereon fully prepaid to all parties claiming an interest in the subject property as listed below, and to those parties listed on the attached Creditor's Mailing Matrix, on December 8, 2015.

Michael L. Calloway, Sr.
PO Box 2031
Edmond, OK  73083

Lillie E. Calloway
19445 Sportsman Road
Edmond, OK 73012

The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

John Hardeman
P.O. Box 1948
Oklahoma City, OK  73101

By:      s/ Jim Timberlake
         JIM TIMBERLAKE - #14945
         Baer Timberlake, P.C.
         4200 Perimeter Center, Suite 100
         Oklahoma City, OK 73102
         Telephone: (405) 842-7722
         Fax: (918) 491-5424
         Attorney for Movant

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

MICHAEL L. CALLOWAY, SR.,

DEBTORS.

Case No.: BK-15-13970-JDL
Chapter 13

## APPLICATION TO SHORTEN TIME TO RESPOND TO MOTION FOR ANNULMENT
OF AUTOMATIC STAY AND ABANDONMENT OF PROPERTY
AND BRIEF IN SUPPORT THEREOF

COMES NOW, NATIONSTAR MORTGAGE LLC, (hereinafter referred to as Movant) and moves the Court to Shorten Time to respond to its Motion for Annulment of Automatic Stay and Abandonment of Property. In support of its Motion, Movant alleges and states as follows:

1. On December 8, 2015, Movant filed a Motion for Annulment of Automatic Stay and Abandonment of Property in this instant matter. Movant is requesting the Court annul the automatic stay as to a foreclosure and to abandon any interest in real property described in said motion.

2. As stated in its Motion for Annulment, the subject property has been sold at Sheriff's Sale to Ms. Sherry Madison. Ms. Madison has tendered all necessary funds to complete the sale and said funds have been disbursed to Movant.

3. In addition to tendering the purchase price, Ms. Madison has spent considerable funds to improve the property in anticipation of a re-sale, has purchased insurance on the property and has expended funds for Ad Valorem property taxes.

WHEREFORE, given the urgent nature of this matter and the considerable funds advanced, Movant moves the Court for an Order Shortening Time to Respond to its Motion for Annulment and Abandonment of Property.

NATIONSTAR MORTGAGE LLC,

By:        s/ Jim Timberlake
                JIM TIMBERLAKE - #14945
                Baer Timberlake, P.C.
                4200 Perimeter Center, Suite 100
                Oklahoma City, OK 73102
                Telephone: (405) 842-7722
                Fax: (918) 491-5424
                Attorney for Movant

**EXHIBIT "B"**

Dated: December 16, 2015

The following is ORDERED:



Janice D. Loyd
U.S. Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-13970-JDL |
| MICHAEL L. CALLOWAY, SR, | ) | Ch. 13 |
| | ) | |
| Debtor. | ) | |

### ORDER DENYING MOTION FOR ANNULMENT OF THE AUTOMATIC STAY AND ABANDONMENT OF REAL PROPERTY

The Motion of Nationstar Mortgage LLC for Annulment of the Automatic Stay and Abandonment of Real Property [Doc. 14] and the objection filed by Debtor [Doc. 21] came on for hearing December 16, 2015. Appearing in person were counsel for Nationstar Mortgage LLC, Jim Timberlake, the Chapter 13 Trustee, John Hardeman, and his counsel, Linda Ruschenberg. Debtor did not appear.

For the reasons stated on the record in open court, the Motion for Annulment of the Automatic Stay and Abandonment of Real Property is hereby denied.

# # #

85104013585019

**EXHIBIT "C"**



IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

**FILED IN DISTRICT COURT**
**OKLAHOMA COUNTY**

OCT **1 6** 2015

TIM RHODES
COURT CLERK
31

NATIONSTAR MORTGAGE, LLC,
Plaintiff,

vs.

MICHAEL L. CALLOWAY, et al.,
Defendant(s).

No. CJ-2010-7077

## ORDER OF DISBURSEMENT

NOW on this 16th day of October, 2015, the above matter comes on for hearing for an Order of Disbursement of the proceeds of Sheriff's Sale now held by the Clerk of the District Court.

THE COURT further finds that there is now on hand in the office of the Clerk of this Court the sum of $90,000.00, and that pursuant to the judgment entered in this cause, said funds should be applied and disbursed as follows:

(1) To the payment of the balance of court costs in the sum of $0.00.

(2) To the payment of poundage fees in the sum of $300.00.

(3) To **BAER, TIMBERLAKE, COULSON & CATES, P.C.**, attorneys, the total sum of $89,700.00, for the use and benefit of Plaintiff and in payment of Plaintiff's judgment and first lien, including advancements by Plaintiff for taxes, insurance and costs to date.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Clerk of this Court be, and he hereby is, directed to apply and forthwith pay the proceeds from the foreclosure sale hereinabove referred to in the manner as above set forth.

JUDGE OF THE DISTRICT COURT

File No. 67851

**OFFICE OF THE SECRETARY OF STATE**



# AMENDED PROFESSIONAL
# CERTIFICATE OF INCORPORATION

*WHEREAS, the Amended Professional Certificate of Incorporation of*

## BAER & TIMBERLAKE, P.C.

*has been filed in the office of the Secretary of State as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned, Secretary of State of the State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this certificate evidencing such filing.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this*
*20th day of January, 2015.*

*Secretary of State*



## OFFICE OF THE SECRETARY OF STATE

# AMENDED PROFESSIONAL
# CERTIFICATE OF INCORPORATION

*WHEREAS, the Amended Professional Certificate of Incorporation of*

## BAER, TIMBERLAKE, COULSON & CATES, P.C.

*has been filed in the office of the Secretary of State as provided by the laws of the State of Oklahoma.*

*NOW THEREFORE, I, the undersigned, Secretary of State of the State of Oklahoma, by virtue of the powers vested in me by law, do hereby issue this certificate evidencing such filing.*

*IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the Great Seal of the State of Oklahoma.*



*Filed in the city of Oklahoma City this*
*6th day of February, 2013.*

*Secretary of State*

**EXHIBIT "D"**

## CERTIFICATE OF SERVICE

This is to certify that I did, on this $\underline{15^{th}}$ day of December 2015, mail, *via* first class U.S. mail, a true and correct copy of the above and foregoing to:

Michael L. Calloway
P.O. Box 2031
Edmond, OK 73083
Telephone: (405) 241-6147
Pro se Defendant

Blane Pangtt

2