IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>**MICHAEL L. CALLOWAY, SR.,**<br><br>DEBTORS. | Case No.: BK-15-13970-JDL<br>Chapter 13 |

**RESPONSE TO MICHAEL L. CALLOWAY'S "EMERGENCY APLICATION [SIC] AND ORDER FOR CONTEMPT CITATION AND MOTION SANCTIONS [SIC] FOR VIOLATIONS OF AUTOMATIC STAY ATTORNEY CONDUCT"**

COME NOW Nationstar Mortgage LLC, Don. J. Timberlake, Blake C. Parrott, Jim Timberlake, Gary D. Bear, William Sullivan, and Baer & Timberlake, P.C. ("**Respondents**"), and hereby respond to Debtor, Michael L. Calloway's "Emergency Aplication [sic] and Order for Contempt Citation and Motion Sanctions [sic] for violations of automatic stay attorney conduct" (the "**Application**")(Docs. 38 and 39). In support hereof, Respondents state as follows:

1. The Application seeks relief based upon a purported violation of the automatic stay in connection with action taken in an Oklahoma County foreclosure action, *styled*, Nationstar Mortgage LLC v. Michael L. Calloway, *et al.*; District Court of Oklahoma County; Case No. CJ-2010-7077; the Honorable Roger H. Stuart, presiding (the "**Foreclosure**").

2. The real property and improvements that were the subject of the Foreclosure is described as:

> Lot Nine (9), Block Nine (9), OAK BROOK 2ND ADDITION TO THE CITY OF EDMOND, Oklahoma County, Oklahoma, according to the recorded plat thereof;

(the "**Property**").

3. After Debtor spent years impeding the progress of the Foreclosure, Nationstar Mortgage LLC ("**Nationstar**") was finally able to obtain a judgment and sell the Property at Sheriff's Sale.

B/67851

4. The hearing on Nationstar's Motion to Confirm Sale was scheduled for October 16, 2015, at 11:00 a.m. Debtor failed to appear at the hearing, and the Court entered an Order Confirming Sale, which was filed October 16, 2015. Unbeknownst to the Court, Plaintiff or its counsel, Debtor filed the above-captioned bankruptcy on October 16, 2015, prior to the 11:00 a.m. hearing.

5. Nationstar has since obtained an Order vacating the October 16, 2015, Order Confirming Sale. In the Order vacating the October 16, 2015, Order Confirming Sale, the Court specifically found that, "after considering [Nationstar]'s request and hearing the representations and warrants of [Nationstar]'s attorney" . . . "[t]he Court, [Nationstar] and its counsel had no actual knowledge or notice that [Debtor] had filed a Chapter 13 bankruptcy proceeding prior to the October 16, 2015, at 11:00 a.m. hearing, on the morning of October 16, 2015. *See* Order, Ex. A.

6. By the express terms of 11 U.S.C.A. § 362(a), any action taken by a creditor to commence or continue litigation against the debtor, unless excepted from the stay under Section 362(b), violates the automatic stay. Actions taken without notice or knowledge of the bankruptcy case violate the stay, but such violations have sometimes been deemed "technical" violations that do not warrant a damage award. *See* In re Kline, 424 B.R. 516, 524 (D. N.M. 2010).

7. The effect of violating the automatic stay is to void the action, whatever the context. In re C.W. Min. Co., 477 B.R. 176, 192 (B.A.P. 10th Cir. 2012). The only effect of violation of the automatic stay, other than the possibility of contempt, is the unenforceability of any benefit the creditor obtained as a result of the violation. Id. Where a transfer or transaction is voided as being in violation of the automatic stay, the proper remedy is to return the parties to the place each occupied prior to the violation of the stay. Id. This Court has adopted the position that that the relief for violating the automatic stay is to return the parties to the status quo before the stay violation occurred.

8. Respondents acknowledge that the October 16, 2015, hearing and the resulting Order Confirming Sale were in violation of the automatic stay. As a result, the Order Confirming Sale was void. After Nationstar and its counsel obtained actual knowledge of the stay, no action was taken in the Foreclosure until this Court dismissed the above-referenced bankruptcy with prejudice on December 16, 2015 (Doc. 26). Nationstar obtained no benefit as the result of stay violation.

9. The only Bankruptcy Code provision addressing remedies for stay violations, 11 U.S.C. § 362(k), provides that, "an individual injured by any willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." "A debtor alleging a [willful] violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed and that the debtor suffered damage as a result of the violation." In re Johnson, 501 F.3d 1163, 1172 (10th Cir. 2007).

10. There has been a judicial determination that Nationstar and its attorneys had no knowledge or notice of the automatic stay at the time of the October 16, 2015, hearing on Nationstar's Motion to Confirm Sale. *See* Order, Ex. A. Debtor has no evidence to support the relief requested in the Application.

WHEREFORE, premises considered, Respondents respectfully request that the Court enter an Order denying Debtor's Application.

                        NATIONSTAR MORTGAGE LLC,

                        By:        s/ Jim Timberlake_____
                                   JIM TIMBERLAKE - #14945
                                     Baer Timberlake, P.C.
                                     4200 Perimeter Center, Suite 100
                                     Oklahoma City, OK 73102
                                     Telephone: (405) 842-7722
                                     Fax: (918) 491-5424
                                     Attorney for Creditor

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the above and foregoing Response with postage thereon fully prepaid to the parties listed below on February 15, 2016.

Michael L. Calloway, Sr.
PO Box 2031
Edmond, OK  73083

The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

John Hardeman
P.O. Box 1948
Oklahoma City, OK  73101

                        By:       s/ Jim Timberlake
                                     JIM TIMBERLAKE - #14945
                                     Baer Timberlake, P.C.
                                     4200 Perimeter Center, Suite 100
                                     Oklahoma City, OK 73102
                                     Telephone: (405) 842-7722
                                     Fax: (918) 491-5424
                                     Attorney for Movant